IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 11-0168-KD-C ) |
| IMAGINE CBQ, LLC, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on the application for entry of default judgment against defendant Joseph Laney filed by plaintiff Branch Banking and Trust Company (BBT) (doc. 53). Upon consideration, the Court construes the application as an application for the Clerk to enter default, and for the reasons set forth herein, the application is DENIED.

As an initial consideration, BBT has conflated the application for entry of default by the Clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedures with the entry of default judgment by the Court or the Clerk as provided in Rule 55(b). Obtaining a default judgment is a two-step process. First, the plaintiff files an application for entry of default by the Clerk pursuant to Rule 55(a). That Rule explains that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after entry of default, the plaintiff then files the motion for default judgment pursuant to Rule 55(b) addressing either Rule 55(b)(1) or (b)(2) as appropriate. "[A] clerk's entry of default must precede an application to the district court for entry of default judgment." *Travelers Casualty & Surety Co. v. East Beach Development, LLC,* 2007 WL 4097440 at *1 (S.D. Ala. 2007); *Boswell v. Gumbaytay,* 2009 WL 1515872 at *2 (M.D. Ala. 2009). However, the Court will construe BBT's application as an

application for the Clerk to enter default under Rule 55(a).

As to entry of default, although this Court previously acknowledged that a return of service had been filed as to Laney and that he had not filed a response (doc. 11), upon closer review of the return of service, specifically the copy of the Domestic Return Receipt for the certified mail, (doc. 11, p. 2), the Court finds that there may not have been effective service upon Laney such that this Court could enter a default.

The Domestic Return Receipt contains an illegible written signature and printed underneath is a nearly illegible printed signature: "H- - - - La - - y".  Since Joseph H. Laney's middle initial is "H" and the first name of the printed signature begins with "H", Laney may have signed using his middle name.  But, someone else with access to Laney's post office box may have signed the receipt.  The summons and complaint were not sent by "Restricted Delivery" such that only Laney could sign.

Rule 4 of the Federal Rules of Civil Procedure governs the service of summons and it does not provide for service by certified mail.  However,  Rule 4(e)(1) allows for service according to state law.  Under Alabama law, an individual may be served by certified mail. Ala. R. Civ. P. 4(i)(2)(B) and (C).  To be effective under Alabama law, delivery must be made to the addressee "or the addressee's agent as evidenced by signature on the return receipt." Ala. R. Civ. P. 4(i)(C).  In this case, agency is not "evidenced by signature on the return receipt" because the box for "Agent" was not checked and the box for "Addressee" was not checked.  In other words, the Court really does not know who signed or their capacity.

Ala. Rule 4(i)(2)(C) further provides that "[w]ithin the meaning of this subdivision, 'agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines

that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default." The addressee "Joseph H. Laney" has not "acknowledge[d] actual receipt of the summons and complaint." *Id*. Thus, the Court must determine whether "the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default." *Id*. Since the only "evidence" is the domestic return receipt with illegible written and printed signatures and Laney's failure to file any response to the summons and complaint, there is no proof that Joseph H. Laney "did actually receive" service.

Before entry of default under Rule 55(a) or entry of judgment under Rule 55(b), this Court must be certain that it has in personam jurisdiction over defendant Laney. Proof of service of process is a precursor to such. *See Dunagan v. ABBC, Inc.*, No. 11–00280–KD–C, 2011 U.S. Dist. LEXIS 119550, at *2 (S.D.Ala. Oct. 14, 2011) ("court lacks jurisdiction to enter judgment against a party that has not properly been served with process"; therefore, the court "must be certain that valid service of the summons and complaint has been made before entering default judgment"); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.") (citation omitted); *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.")

DONE this the 19th day of January, 2012.

     s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE