IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRANCH BANKING AND TRUST COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   CIVIL ACTION NO. 11-0168-KD-C ) |
| **IMAGINE CBQ, LLC, et al.,** | ) ) |
| **Defendants.** | ) |

## ORDER

This action is before the Court on Plaintiff Branch Banking and Trust Company's (BBT) Notice of Dismissal without prejudice of Defendant Joseph H. Laney (doc. 62).  Defendant Laney was served but did not file an answer or otherwise respond to the complaint and did not respond to BBT's motion for summary judgment.   BBT also notifies the Court that Laney has filed a Chapter 7 Bankruptcy Petition in the Bankruptcy Court for the Northern District of Alabama.

BBT moves to dismiss pursuant to Fed. R. Civ. P.  41(a)(1)(A)(i) which provides for voluntary dismissal by the plaintiff without a court order if the plaintiff files "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment". Fed R. Civ. P. 41(a)(1)(A)(i).  However, since Laney has filed for bankruptcy protection, an automatic stay pursuant to 11 U.S.C. § 362(a) stays any action against him but the "courts retain jurisdiction 'to determine the applicability of the stay to litigation before them, and to enter orders not inconsistent with the terms of the stay." *Robert v. Bell Helicopter Textron, Inc.*, 2002 WL 1268030, 2 (N.D. Tex. May 31, 2002) quoting *Picco v. Global Marine Drilling Co*., 900 F.2d 846, 850 (5th Cir. 1990).  In relevant part, the automatic stay operates to stay the

continuation of judicial proceeding against the debtor. 11 U.S.C. § 362(a)(1).  The automatic stay also serves two primary purposes: To relieve the debtor from the financial expense of litigation during the bankruptcy proceedings and to protect creditors by preserving the debtor's estate.  *Carver v. Carver*, 954 F.2d 1573, 1576 (11th Cir.1992).

Because dismissal of this action would relieve defendant Laney of the expense of litigation and preserve to all creditors any assets which would be subject to a potential recovery in this action, dismissal of this litigation against Defendant Laney would not defeat the purposes of the automatic stay.  *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992); *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988); *Gallagher v.Sports Publishing, LLC*, 2009 WL 294400 (C.D. Ill. February 4, 2009); *Slay v. Living Centers East, Inc.*, 249 B.R. 807 (S.D. Ala. 2000) (finding that voluntary dismissal under Rule 41(a)(1)(i) does not violate the automatic stay and that "the purposes of the Bankruptcy Code [a]re in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors.") (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994)); *Darr v. Altman*, 20 S.W. 3d 802, 807 (Tex App. 2000).  Accordingly, this action is DISMISSED without prejudice as to defendant Laney.

DONE this the 28th day of February, 2012.

                                       s/ Kristi K. DuBose
                                       KRISTI K. DuBOSE
                                       UNITED STATES DISTRICT JUDGE