**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRANCH  BANKING AND TRUST** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 11-00168-KD-C** |
| | ) | |
| **IMAGINE CBQ, LLC; IMAGINE** | ) | |
| **ENTERPRISES, LLC; FRANCES W.** | ) | |
| **HOPKINS; JOSEPH OVERTON;** | ) | |
| **S. BECK WEATHERS; MARGARET O.** | ) | |
| **WEATHERS; BONNIE L. RIEMAN; and** | ) | |
| **JOSEPH H. LANEY,** [1] | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on plaintiff Branch Banking and Trust Company's (BBT)

motion for summary final judgment for monetary damages, brief, and evidentiary material in

support  (Docs. 27-29); defendants Imagine CBQ, LLC, Imagine Enterprises, LLC, Frances W.

Hopkins, Joseph Overton, and Bonnie L. Rieman's supplemental response (Doc. 57); [2]

defendants Margaret O. Weathers and S. Beck Weathers'[3] response and supplemental response

(Docs. 41, 58); and BBT's reply and supplemental reply (Doc. 40, 59).  Upon consideration, and

for the reasons set forth herein, BBT's motion is **GRANTED**.

---

[1] Defendant Laney has been dismissed from this action. (Doc. 63).

[2]  In their supplemental response (Doc. 57), Imagine CBQ, LLC, Hopkins, Overton and
Rieman withdrew their prior filing in opposition to BBT's motion for summary judgment. (Docs.
34, 35, 37).  Accordingly, the pending "Motion to Strike Material Aspects of Plaintiff's Motion
for Summary Judgment Materials" (Doc. 35)  is **withdrawn**.

[3] The Weathers' motion for extension of time to respond to BBT's motion (doc. 33) is
**granted**.  The Weathers' did not withdraw their first response.

I.      **Factual Background[4]**

      **A. The Federal Deposit Insurance Corporation's assignment to BBT**

Initially, Colonial Bank owned and held these promissory notes and guarantee agreements. Colonial Bank failed and the FDIC was appointed as receiver.  BBT acquired these promissory notes and guarantee agreements by way of a Purchase and Assumption Agreement between BBT and the FDIC as receiver for Colonial Bank, effective August 14, 2009. Additionally, the FDIC executed and recorded an Assignment of Security Instruments and Other Loan Documents wherein all such assets were assigned to BBT effective August 14, 2009.  All of the promissory notes and guarantee agreements were executed before that date.

      **B. Imagine CBQ, LLC's Promissory Note and Guarantee Agreements**

On or about June 27, 2008, Imagine CBQ, LLC executed and delivered to Colonial Bank a renewal promissory note in the principal amount of $650,000.00.  Previously, on or about April 19, 2005, defendants Hopkins, Overton, S. Beck Weathers, and Margaret O. Weathers executed and delivered to Colonial Bank continuing unlimited guarantee agreements guaranteeing Imagine CBQ, LLC's debt.  BBT alleges that Imagine CBQ is in default by failing to make scheduled payments.  BBT alleges that the guarantors are in default by failing to pay according to the guarantee agreements.

      **C. Imagine Enterprises, LLC's  Promissory Notes and Guarantee Agreements**

On or about June 29 and 30, 2009, Imagine Enterprises, LLC executed and delivered to Colonial Bank three promissory notes in the principal amounts of $262,494.06, $318,833.32, and $271,021.38.   Previously, on or about April 7, 2005 and June 26, 2009, defendants Hopkins,

---

[4]  The facts relied upon were taken from BBT's pleadings and the brief and exhibits in support of the motion for summary judgment and were not disputed by the defendants but for Hopkins dispute as to default on one promissory note.

Overton, Rieman and Laney (who has been dismissed)  executed and delivered to Colonial Bank

continuing unlimited guarantee agreements guaranteeing Imagine Enterprises, LLC's debt.

BBT alleges that Imagine Enterprises is in default by failing to make scheduled payments.  BBT

alleges that the guarantors are in default by failing to pay according to the guarantee agreements.

### D.  The five Hopkins Promissory Notes

In December 2007, Hopkins individually executed and delivered three promissory notes

to Colonial Bank in the principal amounts of $29,471.00, $149,433.32, and $156,501.41.  In June

2009,  Hopkins individually executed and delivered two promissory notes to Colonial Bank in

the principal amounts of $50,240.77 and $100,000.00.  BBT alleges that Hopkins is in default by

failing to make scheduled payments.[5]

### II.      Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  Rule 56(c) governs procedures and provides as follows:

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is
genuinely disputed must support the assertion by:

(A)  citing to particular parts of materials in the record, including
depositions, documents, electronically stored information, affidavits
or declarations, stipulations (including those made for purposes of
the motion only), admissions, interrogatory answers, or other
materials; or

(B)  showing that the materials cited do not establish the absence or
presence of a genuine dispute, or that an adverse party cannot
produce admissible evidence to support the fact.

---

[5] Hopkins alleges that one of these notes is current.

    (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

    (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

BBT, as the party seeking summary judgment, bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.  In reviewing whether the non-moving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted).

### III.   Analysis

#### A.   Governing Law

"[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits."  *Manuel v. Convergys Corp.*, 430

F.3d 1132, 1139 (11th Cir. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  Therefore, the Court must decide which state's law governs this breach of contract action between BBT, a North Carolina corporation, and residents of Alabama and Texas.[6]  In the forum state Alabama, the courts follow the traditional conflict-of-law principles of *lex loci contractus*.  *Lifestar Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200, 213 (Ala. 2009). Accordingly, contract claims are governed by the laws of the state where the contract was made, unless the contracting parties chose a particular state's law to govern their agreement, *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991).

The Imagine CBQ, LLC promissory note and security agreement, the three Imagine Enterprises, LLC promissory notes and security agreements, and the five Frances W. Hopkins promissory notes and security agreements, were all executed and delivered to Colonial Bank, BBT's predecessor, in Gulf Shores, Alabama.  Each note states that "[t]his Agreement has been delivered in the state where the Lender is located and shall be construed in accordance with the laws of that State" (doc. 44-1, Exhibit A,  p. 2; doc. 65, p. 19-21, 24-25; doc. 65, p. 4-7, 9-10, 12-13, 15-16).  Thus, the notes are governed by the laws of Alabama.

The guarantees do not appear to contain any statement regarding the applicable law (Doc. 44-2, Exhibit B; Doc. 44-4, Exhibit D).  However, all show Colonial Bank as the Lender with its location as Gulf Shores, Alabama, and that Imagine CBQ, LLC and Imagine Enterprises, LLC, are  located in Foley, Alabama. Since the guarantees were made in Alabama, and the contracting parties did not chose otherwise, the guarantees are governed by the laws of Alabama.

[6] Hopkins, Overton, and Laney are residents of Alabama.  The Weathers and Rieman are residents of Texas.  Imagine CBQ, LLC, is a resident of Alabama and Texas.  Its members are Hopkins, Overton, and the Weathers.  Imagine Enterprises, LLC is a resident of Alabama and Texas.  Its members are Overton, Rieman, Laney, and F. W. Hopkins, LLC.  Frances Hopkins is the sole member of F. W. Hopkins, LLC. (doc. 44, Amended Complaint).

**B. Breach of Promissory Note Claims**

On motion for summary judgment, BBT argues that Imagine CBQ, LLC, Imagine Enterprises, LLC, and Frances W. Hopkins are liable for their default on the principal amount of their respective promissory notes plus accrued interest, late charges, costs, and attorney's fees. (Docs. 27, 28).  Defendants raise three arguments in response: There is no default as to Hopkins' loan for the Hoppes Road property because a third party kept that note current; that BBT lacks standing to sue; and that there is no admissible evidence as to the balance due on the notes and therefore BBT's motion is without supporting evidence. (Doc. 57, 58).  Defendants do not dispute that they are in default but for the Hoppes Road property.

**1.  Hoppes Road Property**

Defendants' argument that summary judgment should be denied as to the Hoppes Road property because that loan is not in default is without merit.  The Hoppes Road property is subject to the cross-default provision in the promissory notes wherein a breach of any contract with BBT creates a default in any other contract with BBT.  In that regard, all of Hopkins' promissory notes set forth as follows:

> 9. Default. The occurrence of any of the following events shall constitute a default of this Agreement: . . .  (b) the failure to perform any agreement of the Borrower contained herein or in any other agreement Borrower may have with Lender; . . . (i) the Lender feels insecure for any reason. . . .

(Doc. 65, p. 16, promissory note for Hoppes Road property; pp. 5, 7, 10, 13).

The promissory notes also state that the ". . . Lender may upon deeming itself insecure, or upon Borrower's default in payment or in the terms of this or any other agreement Borrower may have with Lender, declare the entire unpaid balance due and payable. . .".  (Doc. 65,  pp. 4, 6, 9, 12, 15).  Therefore, assuming as true that the Hoppes Road loan is current, that fact does not

preclude the effect of the default provisions in the promissory notes.[7]

## 2. Standing to Sue

Defendants argument that BBT lacks standing to sue because there is no admissible evidence that BBT owns and holds the notes and guarantees is also without merit. The Purchase and Assumption Agreement of August 14, 2009, between the FDIC and BBT, is available on the FDIC website.  Also, the Assignment of Security Instruments and Other Loan Documents shows that all promissory notes and guarantees held by Colonial Bank as of August 14, 2009, which includes those at issue, were transferred and assigned from the FDIC as receiver for Colonial Bank to BBT effective August 14, 2009. (Doc. 28-2, stamped by the Baldwin County Probate Judge October 20, 2009).   The latter has been submitted as evidence in support of BBT's motion for summary judgment.  Thus, there is no dispute of material fact that BBT owns and holds the promissory notes and guarantee agreements.

Also, in *Branch Banking and Trust Company v. The Inn at Dauphin Island, LLC*, 2011 WL 1398812 (S.D. Ala, April 13, 2011), this Court addressed a similar argument regarding the Assignment and explained that

> At a factual level, the Inn is simply wrong to suggest there is no evidence that Colonial's former interest in the loan documents is now held by the plaintiff.

---

[7]  By affidavit, Hopkins states that she had an oral agreement with a Colonial Bank employee, Jim Howell, whereby this property would not be declared in default so long as the note was current.  She also stated that she conversed with Emily Miles at BBT about this prior agreement. (Doc. 57-1).  This oral agreement violates the statute of frauds and therefore does not bind the parties. Ala. Code § 8-9-2 (1975).  ("In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing: . . . (7) Every agreement or commitment to lend money, delay or forebear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000").

> There is in the record an "Assignment of Security Instruments and Other Loan Documents" from the FDIC to the plaintiff, which transfers to the plaintiff "all of Assignor's rights, title and interests in and to the promissory notes, loan documents and all other indebtedness secured by the Security Instruments," which are defined to include "all those certain Mortgages, Security Deeds, Deed to Secure Debt, Deeds of Trust, Assignments of Rents and Leases, ... and all such other instruments and security agreements securing loans owned by Colonial Bank held of record by Colonial Bank or any of its predecessors as of August 14, 2009." (Doc. 22, Exhibit A at 1). As is obvious from this description, this transaction effected "the bulk assignment of Colonial Bank's entire loan portfolio existing as of August 14, 2009." (Doc. 22, Justiss Affidavit, ¶ 4).

2011 WL 1398812, at *2 (addressing issues of subject matter jurisdiction).

### 3. The Balance Due on the Promissory Notes.

Defendants argument that BBT's motion lacks evidentiary support because there is no admissible evidence as to the balance due on the promissory notes is without merit.[8]  The affidavit testimony of BBT's Asset Manager Susan Bell is sufficient evidence of the balance due on the notes. *See Wells Fargo Bank, N.A. v. Vergos*, 2012 WL 206169, *2 (S.D. Ala. Jan. 24, 2012) ("Alabama law provides that the proffer of a copy of the note and affidavit testimony as to the amounts due under the note, as well as the defendant's failure to make the required payments, is sufficient to establish a plaintiff's case to recover a note.") citing *Griffin v. American Bank*, 628 So.2d 540, 543 (Ala. 1993) (affidavit submitted by bank president).

### 4. Defendants Lack of Dispute.

Overall, defendants do not dispute the validity of the promissory notes or that they are in

---

[8]  Defendants object that certain statements in BBT's Asset Manager's affidavit are not supported by evidence which could be "presented in a form that would be admissible in evidence." (Doc. 57).  Defendants argue that BBT's assertion of ownership of the notes and guarantees by virtue of the Purchase and Assumption Agreement with the FDIC as receiver for Colonial Bank is hearsay because no certified or sworn copy of the Purchase and Assumption Agreement was attached to the affidavit. Defendants also raise the same argument as to the damages figures in the affidavit because there are no written or electronic ledgers or accounts attached to the affidavit.

default other than as to the Hoppes Road property.  Under Alabama law, the essential elements

of a cause of action for breach of contract are the existence of a valid contract binding the

parties; plaintiff's performance under the contract; defendant's nonperformance; and damages.

*See Jones v. Alfa Mut. Ins. Co.*, 875 So. 2d 1189, 1195 (Ala. 2003).  Since defendants did not

challenge these four elements, the Court finds that the promissory notes were valid contracts,

BBT performed under those  contracts by loaning money to Defendants, Defendants breached

the contract by failing to make the scheduled payments under the promissory notes, and BBT

sustained damages as a result of Defendants' breach.  Therefore, there is no dispute of material

fact as to the validity of the promissory notes.

    **C.  BBT's Breach of Guarantee Agreement Claims.**

    BBT alleges that Hopkins, Overton, and the Weathers are liable, jointly and severally, for

default under their continuing and unlimited guarantee agreement as to the promissory notes for

Imagine CBQ, LLC, and that Hopkins, Overton, and Rieman are liable, jointly and severally, for

default under their continuing and unlimited guarantee agreements as to the promissory notes for

Imagine Enterprises, LLC. BBT argues that there are no defenses to this claim and summary

judgment should be granted in its favor.  Defendants raise the same defenses as against the claim

of breach of the promissory notes.

    "Every suit on a guaranty agreement requires proof of the existence of the guaranty

contract, default on the underlying contract by the debtor, and nonpayment of the amount due

from the guarantor under the terms of the guaranty." *Synovus Bank v. The Vessel ACCU V*, 2012

WL 930246 (S.D. Ala. March 19, 2012) (slip copy) quoting *Delro Industries, Inc. v. Evans*, 514

So.2d 976, 979 (Ala. 1987); *Sharer v. Bend Millwork Systems, Inc.*, 600 So.2d 223, 225–226

(Ala. 1992).  Also, the guarantees state that "this shall be a continuing Guarantee . . ." (Doc. 44-

2). In that circumstance, BBT must establish the additional element of notice to the guarantor unless the guarantor has waived the notice requirement in the terms of the guarantee agreement. *See Sharer*, 600 So.2d at 226; *Delro Industries*, 514 So. 2d at 979; *see also RBC Bank v. CMI Electronics, Inc.*, 2010 WL 2719096, *2 (M.D. Ala. Jul. 8, 2010) (slip copy).

BBT has provided sufficient undisputed evidence as to the existence of the defendants' guarantees, the default on the underlying contracts by defendants Imagine CBQ, LLC and Imagine Enterprises, LLC, and the non-payment by the guarantors. Also, BBT need not establish notice of default on the underlying loan contracts because the guarantors have waived notice.[9] Here, the guarantees state that "[t]he Guarantor hereby waives all notices hereunder, demand, presentation and any and all notices of protest, default, or nonpayment." (Doc. 44-2). Therefore, there is no dispute of material fact such as would preclude summary judgment in favor of BBT as to its claims for breach of the Guarantee Agreements.

### D.  BBT's Claim for Filing Fees and Reasonable Attorneys Fees.

BBT also moves for summary judgment as to the filing fee of $350.00 and a reasonable attorneys fee of $13,500.00. In support, BBT provides the affidavit of Kirkland Reid, attorney for BBT. (Doc. 28-3).[10] The promissory notes and the guarantee agreements require that defendants pay costs and a reasonable attorney's fees for collection. In this court, a determination as to the reasonableness of attorney's fees begins with the lodestar analysis of a reasonable hourly rate multiplied by the hours reasonably expended. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Therefore, BBT is

---

[9] BBT has provided the Court with a copy of the demand letters. Even though notice was waived, BBT wrote the guarantors, advised them of the default, and made demand for payment (Doc. 28-1, pp. 15-16, Notice on Imagine CBQ, LLC loan; Doc. 28-1, pp. 24-29).

[10] Reid states that $13,500.00 represents the total fees billed. (Doc. 28-3).

ordered to file, on or before **April 19, 2012,** an itemization showing the hours expended, the work performed and the hourly rate.  Defendants shall file any response on or before **April 26, 2012.**  The Court will take this matter under submission on **April 27, 2012.**

      **V.     Conclusion.**

      Upon consideration of the foregoing, BBT's Motion for Final Summary Judgment as to Monetary Damages (doc. 27) is **GRANTED**.

      Accordingly, BBT shall supplement the record on or before **April 19, 2012**, with supporting evidence to establish the specific amount of damages to which it is entitled under the terms of the promissory notes and guarantee agreements. Defendants may respond to BBT's supplement on or before **April 26, 2012**, and BBT shall file any reply on or before **May 3, 2012,** at which time this matter shall be taken under submission.

      Final judgment shall issue upon resolution of the current pay-off balance and the reasonableness of the attorney's fees and costs. *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1355 (11th Cir. 2002) ("In this Circuit, a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue...."); *Ierna v. Arthur Murray International, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case.").

      **DONE** and **ORDERED** this the 12th day of April, 2012.


                        **/s/ Kristi K. DuBose**
                        **KRISTI K. DuBOSE**
                        **UNITED STATES DISTRICT JUDGE**