**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRANCH BANKING AND TRUST** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO: 11-00168-KD-C** |
| | ) | |
| **IMAGINE CBQ, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This action is before the Court on the defendants' Frances W. Hopkins, Bonnie L.

Rieman, Joseph Overton, Imagine Enterprises, LLC, and Imagine CBQ, LLC's motion to alter,

amend or vacate judgment (doc. 75).  Upon consideration, and for the reasons set forth herein,

the motion is DENIED.

Branch Banking and Trust Company (BBT) filed suit against the defendants to collect the

balance due on promissory notes and guarantee agreements executed in favor of BBT (doc. 1).[1]

Summary judgment was granted in favor of BBT and defendants were found to have breached

the terms of their respective promissory notes and guarantee agreements  (doc. 66).  BBT was

ordered to supplement the record to establish the amount of damages to which it was entitled and

defendants were given an opportunity to respond to the supplement (*Id*).  BBT filed its

supplement: the Affidavit of Susan Bell, BBT's Asset Manager (doc. 67), defendants filed their

response including an affidavit of Frances W. Hopkins (doc. 71) and BBT filed its reply (doc.

72).   Upon consideration of the parties' additional arguments and evidence regarding damages,

the Court entered an order, *inter alia*, establishing the balance due on the promissory notes (doc.

---

[1] Defendants S. Beck Weathers and Margaret O. Weathers did not join in the motion.

73) and entered final judgment (doc. 74).   Defendants timely filed their motion to alter or amend

the judgment (doc. 75).[2]

In general, Rule 59(e) allows a court to alter or amend a judgment on summary judgment.

*See Rance v. D.R. Horton, Inc.*, 316 F. App'x 860, 863 (11th Cir.2008) (citation omitted) ("[a]

motion requesting the setting aside of summary judgment and a trial on the merits of the case is

best characterized as a Rule 59(e) motion.").   However, a "Rule 59(e) motion [cannot be used]

to relitigate old matters, raise argument or present evidence that could have been raised prior to

the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *Michael*

*Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005)).   Therefore, in order

to prevail on their motion, defendants must identify "newly-discovered evidence or manifest

errors of law or fact." *Arthur v. King*, 500 F.3d at 1343 (internal quotation marks omitted) ("The

only grounds for granting [a Rule 59 motion] are newly-discovered evidence or manifest errors

of law or fact.") (brackets in original) (citation omitted); *Anderson v. Vanguard Car Rental USA*

*Inc.*  2011 WL 2149486, 2 (11th Cir. June 1, 2011) (slip copy) (not selected for publication).   As

"[t]he losing party [defendants] must do more than show that a grant of the motion might have

been warranted; [they] must demonstrate a justification for relief so compelling that the court

was required to grant the motion." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th

Cir.2012) (citations and internal marks omitted).

The motion is denied as to defendants Imagine Enterprises, LLC, and Imagine CBQ,

LLC.  A business organization such as a limited liability company is an artificial entity and can

neither appear in court nor prosecute an action *pro se* through a shareholder or officer.  *S.E.C. v.*

---

[2]  A Rule 59(e) motion to alter or amend must be filed within 28 days of the judgment or order.
Fed. R. Civ. P. 59(e).  Final judgment was entered on June 4, 2012 and the motion was filed on
June 26, 2012.

*Merchant Capital, LLC*, 2012 WL 3205543, 1 n.2 (11th Cir. August 7, 2012) (per curiam) (slip

copy) (unpublished opinion) ("It is well established, however, that a business organization

cannot appear *pro se* and must be represented by counsel, not merely by a stockholder or

officer.") (citing *Palazzo v. Gulf Oil Corp.*, 764 F. 2d 1381 (11th Cir. 1985), cert. denied, 474

U.S. 1058 (1986)).

As to Hopkins' Notes 1 and 2, defendants Hopkins, Rieman and Overton argue that the

January 2011 loan accounting spreadsheet provided to Frances Hopkins by BBT employee Emily

Miles shows a different principal balance than in the affidavit of Susan Bell, BBT's Asset

Manager.  Defendants argue that the Court erred by accepting Bell's statement of the principal

balance and that entering summary judgment was not appropriate because of the "contradictory

evidence" (doc. 75).  As previously stated, after summary judgment was entered, the Court

directed BBT to provide evidence of the current amount due in order for the Court to prepare a

final judgment.  BBT filed Bell's affidavit (doc. 67-1).  In response, Hopkins filed her affidavit

and documents in support (doc. 71).  Review of Hopkins' affidavit shows that defendants did not

contest the principal balance as to Hopkins' Notes 1 and 2 (see doc. 71, p. 5-6).  Since a motion

to alter or amend cannot be used to "raise argument or present evidence that could have been

raised prior to the entry of judgment[,]" *Arthur*, 500 F.3d at 1343, defendants' argument does not

establish a basis for granting the motion.

Also, in support of the motion to alter or amend as to the principal balance on Hopkins'

Notes 1 and 2, Hopkins provides what she describes as "additional evidence which did not exist

at an earlier stage of this litigation" (doc. 75, p. 10-13).  She states that the payoff balance on

Hopkins' Note 1 was "approximately $27,000" in 2005 when the collateral was sold and that no

payments were ever made on that note because Hopkins disputed the balance due.  Therefore,

she asserts that the principal balance should not have changed from "approximately $27,000".

Hopkins also states that on May 26, 2012, she received a foreclosure notice for the real property

subject to Hopkins' Note 2.  She alleges that the notice erroneously contained the payoff balance

for Hopkins Note 1 and that this is evidence of the history of clerical and accounting mistakes as

to these loans.  However, this is not newly discovered evidence which was not available before

the Court's order and final judgment were entered June 4, 2012.  Accordingly, this is not a basis

for the Court to alter or amend its judgment.

As to Hopkins' Note 4, defendants argue that they presented admissible conflicting

evidence as to the principal balance.  Specifically, Hopkins points to the BBT bank loan

statement of April 2012 which shows a lower principal balance than Bell's affidavit.[3]

Defendants argue that their evidence established a genuine issue of material fact as to the

principal balance and therefore, the Court should have denied summary judgment and set the

matter for trial. (doc. 75).  Review of Hopkins' affidavit in response to Bell's affidavit (doc. 71,

p. 7-8) shows that Hopkins raised this same issue and provided this same evidence before the

entry of final judgment.  Since a motion to alter or amend cannot be used to "relitigate old

matters", *Arthur*, 500 F.3d at 1343, defendants' argument does not establish a basis for granting

the motion.

As to all notes, defendants argue that Hopkins' affidavit and evidence (the BBT loan

statements which show a "past due date")[4] established a genuine issue of material fact as to the

---

[3]  The bank loan statement shows $27,900.39 (doc. 71, p. 14); and Bell's affidavit indicates
$34,794.83 (doc. 67-1, p. 4).  Bell's first affidavit which was attached to the motion for summary
judgment also shows $34,794.83 as the principal balance (doc. 28-1, p. 7).

[4]  On summary judgment, defendants argued that the "past due date" in the bank statements
should be the starting date for post-default interest.  Bell submitted an affidavit with copies of the
demand letters for each note wherein defendants were given ten days from the date of the letter

date from which the post-default interest should be calculated and that the Court erred by giving credit to Bell's affidavit that showed post-default interest accruing from ten days after the demand letter.  Defendants rely again on the same evidence presented in opposition to BBT's supplement to establish proof of the amount of damages (docs. 67, 71 Hopkins' affidavit and evidence versus Bell's affidavit).  Again, a motion to alter or amend cannot be used to "relitigate old matters", *Arthur*, 500 F.3d at 1343.  Therefore, defendants' argument does not establish a basis for granting the motion.

Also as to all notes, defendants argue that the Court erroneously found that "Hopkins speculation that Bell's calculations may be incorrect because the promissory notes are subject to a variable interest rate is not sufficient to call into question Bell's calculations" (doc. 75, p. 6, citing doc. 73, p. 11).  Defendants argue that "the index used by Plaintiffs could have been anything at all, and therefore, should have been described specifically in its summary judgment evidence." (Doc. 75, p. 7).  On motion for summary judgment, the movant BBT had the burden of producing evidence sufficient to support the elements of its claim and establish that it was entitled to judgment as a matter of law.  As to the interest claimed, BBT has done so by providing Bell's affidavit showing the pre-default and post-default interest due.  The burden then

---

to pay the amount demanded.  BBT calculated post-default interest from that date.  Now, defendants question this Court's finding that "Hopkins provides no legal argument as to how receiving the bank statements trumps the effect of the demand letters and prevents the interest from accruing at the post-default rate." (doc. 73, p. 10).  They argue that the Court applied "the wrong standard" because "[q]uestions regarding what evidence trumps what other evidence are inquiries for the trier of fact, and are inappropriate at the summary judgment stage."  Defendants are not correct.  The Court stated that Hopkins provided "no legal argument" to support her position that the past due date found in the bank loan statements was the correct date from which to calculate the post-default rate.  Defendants are correct that on summary judgment the Court should weigh all evidence and draw all reasonable inferences in favor of the non-movant.  However, a reasonable inference could not be drawn that the past due date in the loan statements was the date from which post-default interest should accrue, absent Hopkins providing the Court with sufficient legal argument in support of that proposition.

shifted to the non-movant defendants to provide evidence sufficient to create a genuine issue of material fact as to the interest rate applied and the calculations.  However, defendants provided no evidence as to whether BBT substituted a "similar Index" after the "Colonial Bank Base" ceased to exist at the collapse of that bank. Instead, they provided only Hopkins' speculation that a variable interest was applied and her argument that BBT should have provided evidence as to such.  Now, in their motion to alter or amend, they raise the same speculation and again present no evidence to create a genuine issue of material as to whether BBT's calculations are correct. [5] Again, a motion to alter or amend cannot be used to "relitigate old matters", *Arthur*, 500 F.3d at 1343.  Therefore, defendants' argument does not establish a basis for granting the motion.

      **DONE** and **ORDERED** this the 10th day of September, 2012.


                **s / Kristi K. DuBose**
                **KRISTI K. DuBOSE**
                **UNITED STATES DISTRICT JUDGE**

---

[5] Defendants also argue generally that they have provided evidence – the bank loan statements and the January 2011 spreadsheet sent to Hopkins by BBT employee Emily Miles – as evidence of BBT's "bad record keeping and incorrect calculations" that "warrant a higher degree of evidentiary scrutiny that the typical promissory note case."  This same evidence and argument was presented to the Court when addressing the motion for summary judgment.